IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DENISE RENE BUTKIVICH, *Petitioner/Appellee*,

*v.*

PAUL MICHAEL CONTRERAS, *Respondent/Appellant*,

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, *Appellee*.

No. 1 CA-CV 14-0350

FILED 1-15-2015

Appeal from the Superior Court in Maricopa County
No. FC 2007-052520
The Honorable Julie P. Newell, Judge *Pro Tem*

**VACATED AND REMANDED**

COUNSEL

Denise Rene Butkivich, Glendale
*Petitioner/Appellee in Propria Persona*

Paul Michael Contreras, Temple City, California
*Respondent/Appellant in Propria Persona*

Arizona Attorney General's Office, Phoenix
By Carol A. Salvati
*Counsel for Appellee Arizona Department of Economic Security*

---

**DECISION ORDER**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Randall M. Howe joined.

---

¶1 Paul Contreras ("Father") and Denise Butkivich ("Mother") have one child in common. In 2008, the superior court issued custody and parenting time orders and referred the issue of child support to the State's child support enforcement program ("Title IV-D court"). In October 2008, the Title IV-D court ordered Father to pay $439 per month in current child support, plus $60 in arrearages.

¶2 On November 21, 2011, Father filed a petition to modify parenting time and child support. Among other things, Father sought reduction of his child support obligation to $588 "bi monthly." Mother opposed Father's request. After an evidentiary hearing in April 2012, the superior court ruled regarding parenting time but referred Father's child support modification request to the Title IV-D court for a hearing. The Title IV-D court never addressed Father's petition.

¶3 In 2014, Mother filed a petition to enforce child support based on the 2008 support order, seeking arrearages totaling $28,602.47. After a hearing, the Title IV-D court found Father in contempt and issued an enforcement judgment order that included arrearages in the principal sum of $19,256.92, plus interest of $4594.63, for the period of November 1, 2008 through February 28, 2014. Father timely appealed from that judgment.

¶4 The State filed a Motion to Suspend Appeal and Revest Jurisdiction in the Title IV-D Court. The motion noted that Father's 2011 petition to modify child support had never been adjudicated and stated:

> A hearing on the Petition may result in an order modifying [Father's] child-support obligation for a period included in the Enforcement Judgment and Order. If this matter can be resolved in the Title IV-D court, it could moot the issues raised in Father's appeal.

A motions panel of this Court denied the State's motion.

¶5        Although the motions panel declined to stay this appeal, we conclude Father's 2011 child support modification petition must be resolved before an enforcement judgment for arrearages is proper.   If Father's modification petition is granted in whole or in part, it may affect his child support obligation retroactive to December 1, 2011.  *See* A.R.S. § 25-327(A) (Child support modification orders "are effective on the first day of the month following notice of the petition for modification . . . unless the court, for good cause shown, orders the change to become effective at a different date.").   We therefore vacate the enforcement judgment and order filed March 28, 2014, as well as the order of contempt. We remand to the superior court with instructions to address Father's 2011 child support modification petition.   The court may thereafter reconsider Mother's petition to enforce child support, as well as the issue of contempt, if appropriate.



Ruth A. Willingham · Clerk of the Court
FILED: ama